Seagate Mini Mall, Inc. v Khlebopros (2019 NY Slip Op 07306)





Seagate Mini Mall, Inc. v Khlebopros


2019 NY Slip Op 07306


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2016-07097
 (Index No. 502167/16)

[*1]Seagate Mini Mall, Inc., et al., respondents,
v
Aleksandr Khlebopros, appellant.


Cherny & Podolsky, PLLC, Brooklyn, NY (Steven V. Podolsky and Mari Milorava-Kelman of counsel), for appellant.
Yoram Nachimovsky, PLLC, New York, NY (Nicholas S. Ratush of counsel), for respondents.



DECISION & ORDER
In an action for injunctive relief, the defendant appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated June 1, 2016. The order, insofar as appealed from, upon granting the defendant's cross motion pursuant to CPLR 3211(a) to dismiss the complaint, directed that the dismissal be without prejudice to commencing a new action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2013, an action was commenced by two shareholders "in the right and on behalf of" three corporations against the defendant, another shareholder, among others, alleging breach of fiduciary duty (see Kotlyar v Khlebopros, ___ AD3d ___ [decided herewith]). While a motion to confirm an arbitration award and a cross motion, in effect, to vacate the award were pending in that action, those corporations commenced this action against the defendant for injunctive relief. The corporations moved for a preliminary injunction and the defendant cross-moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated June 1, 2016, the Supreme Court, upon granting the defendant's cross motion pursuant to CPLR 3211(a) to dismiss the complaint, directed that the dismissal be without prejudice to commencing a new action. The defendant appeals from so much of the order as directed that the dismissal be without prejudice.
CPLR 3211(a)(4) permits the dismissal of a cause of action where "there is another action pending between the same parties for the same cause of action in a court of any state or the United States; the court need not dismiss upon this ground but may make such order as justice requires." Contrary to the defendant's contention, it was a provident exercise of discretion for the Supreme Court to direct that the dismissal of this action be without prejudice to commencing a new action.
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court